```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**LUTHER WILLIAMS**                                                  **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:05CV499-WHB-AGN**

**UNITED STATES OF AMERICA**
**VETERANS ADMINISTRATION**                                          **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) the Motion of Defendant United States of America Veterans Administration (hereinafter "V.A.") to Dismiss or in the Alternative for Summary Judgment;

2) Plaintiff Luther Williams' Motion for a Full Trial and/or Another Favorable Summary Judgment; and

3) Plaintiff's Motion for Summary Judgment any [sic] a Formal Investigation.

Having considered the Motions, Responses and Rebuttals, as well as supporting and opposing authority, the Court finds that Defendant's Motion to Dismiss or for Summary Judgment is well taken and should be granted.  Because Defendant's Motion is granted herewith, both of Plaintiff's Motions should be denied as moot.

This cause involves a dispute over a loan between Williams and the V.A.  A possessory action was filed in this Court by the V.A. against Williams under cause no. 3:00CV499-HTW-JCS, styled <u>United</u>

States v. Williams (hereinafter "initial case").  The basis of the claims in the initial case was that Williams defaulted on the V.A. loan which was secured by a residence located at 5222 Nantucket Drive, Hinds County, Mississippi.  Williams filed a counter-claim for fraud in that suit.  In the initial case, the V.A. was successful in obtaining possession of the Nantucket Drive residence.  Williams' fraud claim was dismissed.

In the subject suit, Williams again complains about the circumstances surrounding the taking of his house by the V.A.[1]  The V.A. filed the subject Motion on September 15, 2005, in which it argues, *inter alia*, that this suit should be dismissed on the basis of res judicata.  The Court agrees.

In Pye v. Dep't of Transp. of the State of Georgia, 513 F.2d 290 (5th Cir. 1975), the United States Court of Appeals for the Fifth Circuit succinctly summarized the theory of res judicata, as it must be applied in cases which federal jurisdiction is based on federal question, 28 U.S.C. § 1331.[2]  The Pye court held that "[u]nder the federal law of res judicata, which governs in [a] federal question case, a prior action is res judicata as to all issues that were raised or reasonably could have been raised in

---

[1] Plaintiff is prosecuting this case *pro se*.  Therefore, his pleadings must be liberally construed.  Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).

[2] Federal jurisdiction in both the subject case and initial case is / was based on federal question.

that action." Id. at 291-92 (citations omitted; internal footnote omitted).

All of the issues raised by Williams in the subject case were, or reasonably should have been raised in the initial case. This Court therefore finds that the subject suit is barred under res judicata. Accordingly, the subject Motion must be granted.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant United States of America Veterans Administration to Dismiss or in the Alternative for Summary Judgment (docket entry no. 4) is hereby granted.

IT IS FURTHER ORDERED that Plaintiff Luther Williams' Motion for a Full Trial and/or Another Favorable Summary Judgment (docket entry no. 7) is hereby denied as moot.

IT IS FURTHER ORDERED that Plaintiff Luther Williams' Motion for Summary Judgment any [sic] a Formal Investigation (docket entry no. 9) is hereby denied as moot.

A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED, this the 30th day of January, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct